IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS PURNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-641-NJR |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, SHAWNEE ) | |
| CORRECTIONAL CENTER, ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| DAVID ALFONSO, KAREN SMOOT, ) | |
| KIM K. JOHNSON, BOB ALLARD, ) | |
| WARDEN WALKER, and ROB ) | |
| JEFFREYS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cornelius Purnell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

On June 29, 2020, Plaintiff filed his initial Complaint (Doc. 1) alleging deliberate indifference in the treatment of his Hepatitis C. He then sought to add additional parties and allegations by piecemeal supplements which this Court denied (Docs. 13, 18, and 20). The Court allowed Plaintiff to add supplemental exhibits and an amended certificate of service (Docs. 10, 11, and 16). Plaintiff has filed an additional supplement (Doc. 21) seeking to add an additional party as well as a motion to reconsider (Doc. 22) to allow his piecemeal supplements. Plaintiff has also filed a motion for leave to file an amended complaint (Doc. 23).

1

To the extent that Plaintiff seeks to amend his Complaint in a piecemeal fashion, the Court **DENIES** his supplement (Doc. 21) and motion to reconsider (Doc. 22).[1] As Plaintiff was previously warned (Doc. 20), he cannot add or modify the parties or allegations in his Complaint in a piecemeal fashion; the proper method is to seek leave to file an Amended Complaint that complies with Federal Rule of Civil Procedure 15 and this Court's local rules. Although the Court did allow him to add supplemental exhibits, adding parties in a piecemeal fashion is improper. An Amended Complaint supersedes and replaces the original Complaint. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). As such, an Amended Complaint must stand on its own without reference to any other pleading. None of his supplemental pleadings could stand on their own as an Amended Complaint. Thus, they were properly denied.

Plaintiff has now, however, filed a motion to amend with a proper Amended Complaint. The Court, accordingly, **GRANTS** his motion to amend (Doc. 23) and **DIRECTS** the Clerk of Court to **FILE** the Amended Complaint on the docket. In his Amended Complaint, Plaintiff alleges Defendants were deliberately indifferent in treating his Hepatitis C in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Although Plaintiff entitled his motion as a motion to appeal judicial decision it appears that he merely seeks the Court's reconsideration of its prior order denying his motion to supplement. Thus, the Court construes the motion as a motion to reconsider.

**The Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint: On August 20, 2019, Plaintiff informed prison officials and staff of Wexford Health Sources, Inc. ("Wexford") that he had Hepatitis C. He has a fibrosis level of F2 which he alleges requires immediate treatment with antiviral drugs. On October 31, 2019, Karen Smoot and Dr. David Alfonso told him that he would not receive treatment for his Hepatitis C. Dr. Alfonso specifically told him that he was denying treatment due to the costs of treatment. He wrote a letter to Rob Jeffreys about his condition, but Jeffreys turned a blind eye. He also wrote a grievance to Kim Johnson but she never returned the grievance and purposefully concealed the filing of his grievance. Counselor Bob Allard tried to cover up Kim Johnson's conduct. He also wrote an emergency grievance to Warden Walker who deemed the grievance a non-emergency. Plaintiff believes that he was denied treatment in part because of Wexford's cost-cutting policy.

**Preliminary Dismissals**

Plaintiff names IDOC as a defendant as well as Shawnee Correctional Center. Although Plaintiff alleges that IDOC should be treated as a person or local government and be held liable for its policies, Plaintiff cannot maintain his suit against IDOC because it is a state agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). Similarly, Plaintiff cannot maintain his claim

against Shawnee because it is a division of the Illinois Department of Corrections, a state government agency. Based on this authority, IDOC and Shawnee are not "person[s]" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71. They are, accordingly, **DISMISSED with prejudice**.

### Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. David Alfonso, Karen Smoot, Kim K. Johnson, Bob Allard, Warden Walker, and Rob Jeffreys for denying Plaintiff care for his Hepatitis C.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc., for enacting a cost-cutting policy that prevented Plaintiff from receiving treatment for his Hepatitis C.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Plaintiff states a viable claim in Count 1 against Dr. David Alfonso, Karen Smoot, Kim K. Johnson, and Rob Jeffreys. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

To the extent that Plaintiff alleges that Warden Walker is liable for deeming his grievance a non-emergency, the simple denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Accordingly, Warden Walker is **DISMISSED without prejudice**.

Plaintiff also fails to state a claim against Bob Allard. Plaintiff merely alleges in conclusory fashion that Allard tried to cover-up Kim Johnson's conduct, but fails to provide any facts to show how he participated in that cover-up or what role he played in denying Plaintiff care for his condition. Without something more, Plaintiff fails to state a claim against Allard and he is **DISMISSED without prejudice.**

Plaintiff also states a viable claim in Count 2 against Wexford for its cost-cutting policy. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 822 (7th Cir. 2009) (quoting *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008)).

## Pending Motions

As to his motion for counsel (Doc. 3), Plaintiff indicates that he is not a licensed attorney. Unfortunately, however, he fails to indicate whether he has tried to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-5 (7th Cir. 2007). He merely states that he cannot obtain counsel because of his incarceration but fails to indicate what efforts, if any, he has made to obtain counsel. Accordingly, his request for counsel is **DENIED**. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from

the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. David Alfonso, Kim K. Johnson, Karen Smoot, and Rob Jeffreys, but is **DISMISSED without prejudice** as to Warden Walker and Bob Allard. Count 2 shall proceed against Wexford Health Sources, Inc. IDOC and Shawnee Correctional Center are **DISMISSED with prejudice**.

The Clerk of Court shall prepare for Defendants Dr. David Alfonso, Kim K. Johnson, Karen Smoot, Wexford Health Sources, Inc., and Rob Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/26/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**