# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORNELIUS PURNELL,** | |
| Plaintiff, | |
| v. | Case No. 20-cv-641-NJR |
| **WEXFORD HEALTH SOURCES,** *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Cornelius Purnell's motion for leave to appeal judicial decision and reconsider (Doc. 33), which the Court construes as a motion to reconsider. Plaintiff requests that the Court reconsider its Order dismissing the Illinois Department of Corrections ("IDOC") and Shawnee Correctional Center (Doc. 24).

Although Purnell fails to set forth the procedural basis for his motion to reconsider, the Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer

applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

The Court finds that Purnell's motion falls under Rule 59(e) given the timing of the motion (within 28 days of the relevant Order) and the nature of his arguments. A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Purnell argues that the Court should not have dismissed IDOC and Shawnee Correctional Center because they are proper parties. He argues that they should be treated as private, for profit foreign corporations and should be treated like local municipalities, capable of being sued for their policies, procedures, and practices. Although Purnell argues that IDOC and Shawnee are corporations, he offers nothing to support that assertion. Purnell's reliance on *Shields v. Illinois Department of Corrections*, 746 F.3d 782 (7th Cir. 2014), is also misplaced. Although in *Shields*, the Seventh Circuit found that a private corporation

could be sued under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the case did not hold that IDOC was a private corporation. *Shields*, 746 F.3d at 794-96. The case, instead, focused on claims against Wexford Health Sources, Inc.

Instead, both IDOC and Shawnee are state agencies. As previously stated by the Court in its threshold order (Doc. 24), the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). Similarly, Purnell cannot maintain his claim against Shawnee because it is a division of IDOC, a state government agency. Based on this authority, IDOC and Shawnee are not "person[s]" within the meaning of the Civil Rights Act. *See Will,* 491 U.S. at 71. Thus, the Court stands by its previous ruling.

Accordingly, Purnell's motion to reconsider (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 4, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**